UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL DENNEHY,<br>    Plaintiff,<br><br>v.<br><br>XANIEL SOTO, et al.<br>    Defendants | No. 3:17-CV-1978 (MPS) |

## INITIAL REVIEW ORDER

The plaintiff, Michael Dennehy, brings a claim against defendants Xaniel Soto and the Connecticut Department of Consumer Protection ("DOCP"). (ECF No. 1 at 1.) He advances the following allegations:

> I Michael Dennehy duly declare that the Department of Consumer Protection is in violation of their own alcohol laws in regards to the structure of their medical marijuana program. I.E. [sic] the tobacco law concerning the listing of definitive ingredients in color/flavoring to tobacco products [sic]. Currently medical marijuana dispensaries are disguised as country clubs under the CT Dept Consumer Protection Laws [sic]. I have also discovered that the proprietary owner of Arrow Alternative Care Milford and Hartford is Xaniel Soto, a member of the DCP MMP board owning 2 of 4 or 5 of the total dispensaries in the State of CT while controlling a board member position on the DCP. These findings would constitute a monopolistic trust and make the entire DCP Board conspirators as they are well aware of his proprietary ownership and are also are [sic] well aware of his proprietary ownership and are also accomplises [sic] as they are helping to manipulate the laws of the program for their personal capitol gains [sic], which is tortious in nature because patients like myself have fallen victim to the DCP's bait and switch, false advertising, perscription [sic] error laws they created themselves [sic] and are violating themselves.

(ECF No. 1 at 2.) He does not advance any specific causes of action. (*See id.* at 3.) He does, however, request that the Court make "Xaniel Soto step down from his board member position with the DCP" and to instead install the plaintiff as "the main proprietor of Arrow Alternative

1

Care." (*Id.* at 4.) For the reasons that follow, Dennehy's complaint is dismissed without prejudice.

I. **Legal Standard**

Because the plaintiff sought to proceed in forma pauperis (ECF No. 2), I must evaluate his complaint and determine whether it should advance. "[T]he court shall dismiss [a] case at any time if the court determines that [the action] is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

The plaintiff is *pro se*, so I construe his pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and quotation marks omitted). Nevertheless, even a *pro se* plaintiff must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 550 U.S. at 570. A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

II. **Discussion**

    A. **Fed. R. Civ. P. 8**

Rule 8, Fed. R. Civ. P. provides that a complaint be "short and plain" and to include allegations that are "concise and direct" in order to put each defendant on notice of the legal claims against him or her. *See* Fed. R. Civ. P. 8(a) & (d). The purpose of Rule 8 is to give the defendant or defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Wynder v. McMahon*, 360 F.3d 73, 77 (2d Cir. 2004) (internal quotation marks and citations omitted). Here, it is unclear what claims Dennehy seeks to assert. It appears, based upon his factual allegations, that he is asserting that the DOCP is violating Connecticut state law. His complaint does not clearly convey the factual basis for his claim, however, and his failure to set out a specific cause of action further undermines the clarity of his legal allegations. Thus, the allegations do not meet Rule 8(a) & (d), and are dismissed without prejudice. *See Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (a complaint is inadequately pled if it does not provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests") (citing *Twombly*, 550 U.S. at 545). The Court will permit the plaintiff leave to amend to assert a plausible and intelligible legal claim.

### B. Eleventh Amendment Immunity

The Eleventh Amendment bars the plaintiff's claims against the DOCP, along with any official capacity claims for money damages against Xaniel Soto in his capacity as a member of the DOCP. *Kentucky v. Graham*, 473 U.S. 159 (1985) (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (holding that a suit against a state agency or department constitutes a suit against a state for Eleventh Amendment purposes); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not

override a state's Eleventh Amendment immunity). The plaintiff may not file such a claim in federal court.

Further, a federal court may not sit in judgment of whether a State or a State official has complied with its own law. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984) (concluding that a "claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment"). Thus, to the extent the plaintiff's claims rest on the allegation that the DOPC is "in violation of [the Agency's] own alcohol laws" (ECF No. 1 at 2), the claims are barred. Finally, the court lacks the authority to make Xaniel Soto "step down from his board member position with the [DCOP]." (*Id.* at 4.) At most, the Court may issue injunctive relief enjoining a state official from committing a constitutional violation. *See Pennhurst*, 485 U.S. at 102 (noting that an exception exists to Eleventh Amendment immunity for suits seeking to enjoin state official from committing constitutional violations).

### III. Conclusion

For the reasons set forth above, the plaintiff's complaint is hereby dismissed without prejudice, and the clerk is instructed to close this case. The plaintiff may, within thirty (30) days of the date of this order, submit a motion to reopen together with an amended complaint that sets out cognizable and intelligible federal-law claims that do not violate the Eleventh Amendment's guarantee of state sovereign immunity. Failure to comply with these instructions will result in dismissal of the case with prejudice.

It is so ordered.

Dated at Hartford, Connecticut this 11th day of October, 2018.

/s/
------------------------------

Michael P. Shea, U.S.D.J.